IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William M. McKown, | ) | Civil Action No.: 4:13-cv-982-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Symetra Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Court on Defendant Symetra Life Insurance Company's ("Defendant") motion for reconsideration of the Court's November 20, 2014 Order granting in part and denying in part Defendant's motion for summary judgment. *See* Mot., ECF No. 59; Order, ECF No. 51. The Court's November 20, 2014 Order granted Defendant's motion as to Plaintiff's claims for breach of contract and bad faith refusal to pay life insurance benefits, as well as Plaintiff's demands for punitive damages and attorney's fees. *See* ECF No. 51 at 8. The Order, however, denied Defendant's motion as to Plaintiff's claim for breach of implied contract. *See id.* The matter has been fully briefed and, having reviewed the submission of the parties, the Court denies Defendant's motion.

## STANDARD OF REVIEW

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 59.30[4] (3d ed.); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy

which should be used sparingly." (internal quotations and citations omitted)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

## DISCUSSION

### I.     Arguments of the Parties

In the motion, Defendant asks the Court to reconsider its ruling denying summary judgment as to Plaintiff's implied contract claim to "correct a clear error of law." *See* ECF No. 59-1 at 1–2. Defendant asserts that any implied contract cannot contradict the terms of an express contract, and that no implied contract could have been created in this case because it would contradict the terms of the policy, which required an executed reinstatement application, a signed medical release, and the past due premium in order to be reinstated after lapse. *See id.* at 3–4. Defendant then argues that no reasonable jury could find the existence of an implied contract because there was no evidence of any mutual assent. *See id.* at 4–5. Defendant argues that it never gave Plaintiff any assurances that the policy could be reinstated without an application and release, and that Plaintiff's self-serving affidavit does not create an issue of fact. *See id.* at 5–6. Defendant asserts that the evidence supports that it merely retained the premium during the time period in which it expected to

2

receive the application and medical release, and it would be unreasonable for a jury to infer that Defendant intended to enter into a life insurance contract merely because it retained the premium for a few weeks.  *See id.* at 6–7.  Finally, Defendant asserts that allowing Plaintiff's implied contract theory to proceed improperly allows Plaintiff to assert a waiver and estoppel claim, as Plaintiff previously moved to amend the complaint to assert these claims but the Court denied that motion.  *See id.* at 7–8.

Plaintiff responded, asserting that the Supreme Court of South Carolina has recognized a valid claim for an implied in fact contract for life insurance on several occasions.  In *Moore v. Palmetto State Life Ins. Co.*, 73 S.E.2d 688 (S.C. 1952), the Supreme Court noted that the "crucial questions are whether there was an implied acceptance and whether the circumstances are such as to estop appellant from asserting that there was no contract of insurance."  *Id.* at 691.  Plaintiff argues that the *Moore* case also stands for the proposition that Defendant's verbal or written assent was not required, and mere retention of the premium payment until after the insured's death could be sufficient to create an implied contract.  Defendant also cites to *Crossley v. State Farm Mutual Automobile Insurance Company*, 415 S.E.2d 393 (S.C. 1992), in which the Supreme Court of South Carolina stated:

> State Farm accepted respondent's payment and processed his check.  Circumstances may imply acceptance of an offer to purchase insurance.  We find that the evidence regarding whether a contract was created is susceptible of more than one inference, and thus properly was submitted to the jury.

*Id.* at 358.

Defendant replied, asserting that the facts of the *Moore* and *Crossley* cases are distinguishable from the present case.  Defendant asserts that, in both of those cases, applications were submitted to the insurance company along with the past due premium, and the insurance

3

companies made a representation to the plaintiffs that the policies were accepted. *See* ECF No. 64 at 1–2. Defendant argues that, here, Plaintiff failed to submit an application and provided no evidence that Defendant represented that the premium payment alone would reinstate the policy. *See id.*

## II.     Analysis

The Court notes that there has been no intervening change in controlling law which would affect the issues addressed in the Order. Moreover, no new evidence has been presented. Accordingly, reconsideration is not warranted on either of the first two grounds set forth in *Collison*, 34 F.3d at 235. Therefore, the Court need only determine whether Defendant has shown the need for the Court "to correct a clear error of law or prevent manifest injustice." *Id.*

After thorough review of the record, the Court finds that Defendant has failed to show the need to correct a clear error of law or prevent manifest injustice. Defendant's motion simply rehashes the very issue that the Court has already ruled upon: whether there is a genuine issue of material fact as to whether an implied contract of insurance was created between the parties. Defendant cites to the Court's acknowledgement that the weight of the evidence appears to be in its favor. However, that does not mean that a reasonable jury could not find in Plaintiff's favor. As the Court explained in its Order denying summary judgment on the implied contract claim, "[i]t is for the jury to determine whether there was a contract and whether it was performed according to its terms." *Johnston v. Brown*, 357 S.E.2d 450, 452 (S.C. 1987) (citing *Quality Concrete Products, Inc. v. Thomason*, 172 S.E.2d 297 (S.C. 1970)). The language in the *Crossley* case cited by Defendant only bolsters this conclusion. *See Crossley*, 415 S.E.2d at 358 ("We find that the evidence regarding whether a contract was created is susceptible of more than one inference, and thus properly was submitted to the jury.").

4

Defendant repeats its argument that it did not manifest assent to entering into a new contract with Plaintiff, and asserts that mere retention of the premium payment was insufficient to reinstate the policy. However, a reasonable jury could in fact determine that by accepting the premium payment and depositing the funds, and only returning the premium after three weeks had passed and Defendant had been informed of the insured's death, an implied contract was created. Defendant is correct that the express contract of insurance was never reinstated, and waiver and estoppel claims relevant to that express contract were denied on a motion to amend. However, that question is no longer at issue in this case, as summary judgment was already granted in Defendant's favor with regard to the breach of express contract claim. The mere fact that the express contract was not reinstated does not mean that a subsequent implied contract did not arise. As the Court noted in its previous Order, it is a question of fact as to whether an implied contract was created. Regardless of the strength of Defendant's arguments, there is more than a scintilla of evidence as noted by Plaintiff:

> McKown had already been in a contractual relationship with the Defendant insurance company since 1989 and had faithfully paid premiums since that time. When he missed a premium in the Fall of 2009, the insurance company offered a reinstatement. He sent in the required premium to reinstate the policy and to reinstate a longstanding relationship with the Defendant insurance company. The insurance company cashed the check. The insurance company did not attempt to refund the monies until after the death of the insured.

*See* ECF No. 62 at 2. The Court cannot say that there is no genuine issue of material fact in light of the fact that clearly contradictory evidence has been presented in the record. Where there is a genuine dispute of fact, the issue should be submitted to the jury.

Accordingly, the Court finds no clear error of law or need to prevent manifest injustice, and denies reconsideration.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

                                               s/ R. Bryan Harwell
                                               R. Bryan Harwell
                                               United States District Judge

Florence, South Carolina
December 3, 2014